## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

October 3, 2003

Ms. Peggy D. Rudd
Director and Librarian
Texas State Library and Archives Commission
P.O. Box 12927
Austin, Texas 78711-2927

Opinion No. GA-0111

Re: Whether the Kempner Water Supply Corporation is subject to the Local Government Records Act (RQ-0049-GA)

Dear Ms. Rudd:

You ask whether the Kempner Water Supply Corporation ("Kempner") is subject to the Local Government Records Act (the "Act"), which relates to the management and preservation of local records.[1] *See* TEX. LOC. GOV'T CODE ANN. chs. 201-205 (Vernon 1999 & Supp. 2003).

Nonprofit water supply corporations such as Kempner are created under the provisions of chapter 67 of the Water Code and the Texas Non-Profit Corporation Act. *See* TEX. WATER CODE ANN. §§ 67.001-67.017 (Vernon Supp. 2003); TEX. REV. CIV. STAT. ANN. arts. 1396-1.01 - 1396-11.01 (Vernon 2003). Section 67.003 of the Water Code provides that "[t]hree or more individuals who are citizens of this state may form a corporation by making an application to the secretary of state in the same manner as provided by law for an application for a private corporation." TEX. WATER CODE ANN. § 67.003(a) (Vernon Supp. 2003). "To the extent it does not conflict with this chapter, the Texas Non-Profit Corporation Act . . . applies to a corporation created under . . . this chapter." *Id.* § 67.004. A corporation organized under chapter 67 of the Water Code may provide: "(1) water supply, sewer service, or both for a municipality, a private corporation, an individual, or a military camp or base; and (2) flood control and a drainage system for a political subdivision, private corporation, or another person." *Id.* § 67.002.

The Act provides for the management and preservation of local government records (chapter 203); the destruction and alienation of those records (chapter 202); the microfilming of those records (chapter 204); and the electronic storage of those records (chapter 205). *See* TEX. LOC. GOV'T CODE ANN. chs. 202-205 (Vernon 1999 & Supp. 2003). Its purpose is to promote: "(1) the efficient management of local government records . . . ; (2) the preservation of local government records of permanent value . . . ; (3) convenient access to advice and assistance based on well-established and professionally recognized records management techniques and practices . . . ; and (4) the establishment of uniform standards and procedures for the maintenance, preservation, microfilming,

---

[1]*See* Letter from Peggy D. Rudd, Director and Librarian, Texas State Library and Archives Commission, to Honorable Greg Abbott, Texas Attorney General (Apr. 25, 2003) (on file with Opinion Committee) [hereinafter Request Letter].

or other disposition of local government records . . . ." *Id.* § 201.002 (Vernon 1999). A "[l]ocal government," the kind of entity to which these statutes apply, is defined as "a county, including all district and precinct offices of a county, municipality, public school district, appraisal district, *or any other special-purpose district or authority.*" *Id.* § 201.003(7) (Vernon Supp. 2003) (emphasis added). Because a nonprofit water supply corporation is manifestly not a county, district or precinct office, a municipality, a public school district, or an appraisal district, the question before us is whether it may be classified as a "special-purpose district or authority." *See id.* The Act does not define the term "special-purpose district or authority."

Initially, we note that chapter 65 of the Water Code provides for the creation of "special utility districts." *See generally* TEX. WATER CODE ANN. ch. 65 (Vernon 1988 & Supp. 2003). Section 65.014(a) states that "[i]f creation of a district is proposed by a water supply or sewer service corporation, a certified copy of a resolution requesting creation must be filed with the [Texas Commission on Environmental Quality]." *Id.* § 65.014(a) (Vernon Supp. 2003). The resolution must state that "the water supply or sewer service corporation, acting through its board of directors, has found that it is necessary and desirable for the water supply or sewer service corporation to be converted into a district." *Id.* § 65.014(b). A brief received from the attorney for Kempner indicates that Kempner has not converted itself into a special utility district under chapter 65.[2] By providing a mechanism for a water supply corporation to convert itself into a special utility district, the legislature has furnished evidence that a "water supply corporation" that has not been converted should not be considered a "special-purpose district or authority" under the Act.

Other evidence points to the same conclusion. In *Tarrant County Water Supply Corp. v. Hurst-Euless-Bedford Independent School District*, 391 S.W.2d 162 (Tex. Civ. App.–Fort Worth 1965, writ ref'd n.r.e.), the court said:

> There has been no specific holding, heretofore, that a corporation organized and operating under authority of Art. 1434a [the predecessor statute of chapter 67, Water Code] is a *political subdivision* of this State so that its properties exclusively used for public purposes are exempt from taxation. We hold that it is not a political subdivision.

*Tarrant County Water Supply Corp.*, 391 S.W.2d at 163 (emphasis added); *see also* Tex. Att'y Gen. LO-95-011, at 1-2 (Fort Bend Flood Control Water Supply Corporation is not a political subdivision); Tex. Att'y Gen. Op. Nos. JM-596 (1986) at 3 (a nonprofit water supply corporation is not a political subdivision); M-1070 (1972) at 2 (Northwest Houston Water Supply Corporation is not a political subdivision under the Texas Water Code). On the other hand, a "special-purpose district or authority" is uniformly treated as a "political subdivision" throughout the Water Code. *See, e.g.*, TEX. WATER CODE ANN. §§ 12.013(b) (Vernon 2000) (the term "political subdivision" in

---

[2]Brief from Robert H. Lloyd, General Counsel for Kempner Water Supply Corporation, Lloyd, Gosselink, Blevins, Rochelle, Baldwin & Townsend, P.C., to Nancy S. Fuller, Chair, Opinion Committee, Office of Attorney General, at 2 (June 3, 2003) (on file with Opinion Committee).

this section includes "other special purpose districts"); 15.001(5) (Vernon Supp. 2003) (the term "political subdivision" includes a "district or authority created under Article III, Section 52, or Article XVI, Section 59, of the Texas Constitution"); 16.001(7) (Vernon 2000) (same); 17.921(3) (same).

Moreover, certain statutes expressly include water supply corporations within the definition of "political subdivision" for specific purposes. Chapter 15 of the Water Code, for example, provides for state assistance to political subdivisions for purposes of flood control and water quality. *Id.* § 15.002 (Vernon Supp. 2003). Section 15.001 states that "[i]n this chapter[,]" the term "[p]olitical subdivision" includes "any nonprofit water supply corporation created and operating under Chapter 67." *Id.* § 15.001(5). Chapter 16 of the Water Code creates the Texas Water Development Board for the purpose of facilitating the planning and implementation of various water projects. *See id.* §§ 16.001-16.356 (Vernon 2000 & Supp. 2003). Section 16.001 provides that "[i]n this chapter[,]" the term "[p]olitical subdivision" includes "any nonprofit water supply corporation created and operating under Chapter 67." *Id.* § 16.001(7) (Vernon 2000). In addition, section 16.002 declares that "[n]onprofit water supply corporations which receive any assistance under this chapter are subject to Chapter 551, Government Code [the Open Meetings Act], and to Chapter 552, Government Code [the Public Information Act]." *Id.* § 16.002. Conspicuously absent is any reference to the Local Government Records Act. And chapter 17 of the Water Code, which provides for public funding of water supply projects, similarly defines "[p]olitical subdivision" to include a "nonprofit water supply corporation." *Id.* § 17.001(6). Section 17.002 again makes the Open Meetings and Public Information Acts applicable to nonprofit water supply corporations, but omits any reference to the Local Government Records Act. *See id.* § 17.002.

The legislature has in these instances applied specific statutes – chapters 15, 16 and 17 of the Water Code, and the Open Meetings and Public Information Acts – to nonprofit water supply corporations. These statutes invariably distinguish "districts or authorities" from nonprofit water supply corporations. If the two terms were equivalent, it would hardly be necessary to make such distinctions. In no instance has the legislature applied the Local Government Records Act to a nonprofit water supply corporation. The legislature has thus clearly demonstrated that it knows how to apply particular statutes to these entities when it chooses to do so. Because the legislature has not specifically applied the Local Government Records Act to nonprofit water supply corporations, and because Kempner has not opted to convert itself into a "special utility district" under chapter 65 of the Water Code, we conclude that Kempner is not subject to the Act.

You also ask "what other statutes concerning records do apply and what records is a non-profit water supply corporation required to keep." Request Letter, *supra* note 1, at 1. A brief received from the Texas Rural Water Association refers to numerous federal and state statutes and regulations to which some or all nonprofit water supply corporations may at times be subject, including the Texas Non-Profit Corporation Act, articles 1396-1.01 to 1396-11.01; regulations of the Texas Commission on Environmental Quality; chapter 341 of the Health and Safety Code (relating to sanitation); chapter 26 of the Water Code (relating to water quality control); wage-and-

hours laws; workplace safety statutes; right-of-way laws; and taxation statutes.[3] An exhaustive list of all such statutes and regulations is beyond the scope of this opinion and seems, at best, unrelated to the duties and responsibilities of the Texas State Library and Archives Commission. We recommend that any nonprofit water supply corporation that is concerned about the record-keeping laws to which it is subject should consult with counsel.

---

[3]*See* Brief from Kenneth L. Petersen, Jr., General Counsel, Texas Rural Water Association, to Nancy S. Fuller, Chair, Opinion Committee, Office of Attorney General (June 2, 2003) (on file with Opinion Committee).

## S U M M A R Y

The Kempner Water Supply Corporation, a nonprofit water supply corporation that has not converted to the status of a "special utility district," is not subject to the Local Government Records Act, chapters 201 to 205 of the Local Government Code.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee